UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES SMITH,  :
                           :   Civil Action No. 12-7729 (KM)
      Petitioner,  :
                           :
     v.  :  **MEMORANDUM OPINION**
                           :
STATE OF NEW JERSEY,  :
                           :
      Respondent.  :

**APPEARANCES:**

Petitioner *pro se*
James Smith
125 Idalroy Trail
Hopatcong, New Jersey  07843

**McNULTY**, District Judge

     Petitioner James Smith, a defendant in a state criminal matter, has filed in this Court a pleading entitled "Emergency Motion for Injunction Relief and Temporary Restraining Order," asserting federal jurisdiction pursuant to the habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983. Mr. Smith's intent was made somewhat clearer by his recent payment of the $5.00 filing fee for a habeas corpus petition (as opposed to the $350.00 filing fee for a civil action). The Court will treat this motion as a petition for a writ of habeas corpus; I include some additional discussion on the assumption that Smith may intend to file a civil rights action and that the filing fee obstacle could be overcome.

Habeas

This Court has the power, whether inherently or by Rule, to review the petition and determine whether it is sufficient to invoke the Court's habeas jurisdiction. Rule 4, Federal Rules Governing Section 2254 Cases in the United States District Courts. To the extent that this action is a habeas petition, it must be dismissed. It does not appear from the face of the petition that Mr. Smith is in custody or has exhausted state remedies. To avoid a pointless round of motion practice, I will not require the State to answer or move in response to the petition at this time. Instead, I will administratively terminate this action without prejudice to the filing of an amended petition. If Mr. Smith wishes to do so, he should submit an amended habeas petition addressing those issues within forty-five (45) days. It will be accepted without the need of a formal motion to amend. The following discussion is intended to guide the petitioner in deciding whether and how to amend the habeas petition.

Custody appears dubious. Petitioner asserts that he is presently the defendant in a criminal matter pending in the Superior Court of New Jersey, Sussex County, Law Division (Criminal). From the context of the petition, I gather that this State matter has not yet gone to trial. For example, Petitioner

demands a 180-day postponement, copies of filings and the recusal of Judge P. Conforti. The clear sense is that Petitioner believes that various persons are mishandling or interfering with an ongoing criminal case. Thus, although the Court cannot definitively state whether the Petitioner is presently incarcerated, or in the power of state officials in a manner that would otherwise satisfy the "custody" requirement of the habeas statute, that does not seem to be the case.[1] See Jones v. Cunningham, 371 U.S. 236 (1963); Barry v. Bergen County Prob. Dept., 128 F.3d 152, 160 (3d Cir. 1997)("the meaning of "custody" has been broadened so that, in the § 2254(a) context, it is no longer limited to physical custody."). "Whether someone who is not under physical constraint can be considered in custody depends on the amount of restriction placed on his or her individual liberty." Harts v. State of Ind., 732 F.2d 95, 96 (7th Cir. 1984)(citing Hensley v. Municipal Court, 411 U.S. 345 (1973)). Thus, for example, a convicted defendant free on his own recognizance while execution of sentence was stayed was found to be "in custody" within the meaning of 28 U.S.C. § 2254. Id. The

---

[1] Section 2254 provides in relevant part:
(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Court emphasized that Hensley's "freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice. Disobedience is itself a criminal offense." <u>Hensley</u>, 411 U.S. at 351.

If he amends his habeas petition, Mr. Smith must state the facts that, in his view, satisfy the custody requirement. Any amended petition must also name as a Respondent the state official who has Mr. Smith in custody. Rule 2, Federal Rules Governing Section 2254 Cases in the United States District Courts.

There is another barrier to petitioner's invocation of the federal habeas statute. Assuming that he has a potential federal remedy, he must demonstrate that he has exhausted all state law procedures for challenging the status of which he complains.[2] <u>See</u> <u>Hensley</u>, 411 U.S. at 353 ("Where a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal

---

[2]The Habeas statute requires that an applicant for a writ of habeas corpus must first exhaust "the remedies available in the courts of the State," or demonstrate that no such remedies are available. <u>See</u> 28 U.S.C. § 2254(b) ("An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.").

courts."). "To exhaust his federal claim, a petitioner must fairly present it to the State court. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (a person in state custody must properly exhaust state remedies by fairly presenting his claims to a state court."). As the case appears to be ongoing, Mr. Smith must explain in any amended petition how he has met this requirement.

The Court strongly recommends that any amended habeas petition be filed using the form that the Clerk of the Court maintains for that purpose.

Section 1983

Mr. Smith also appears to seek injunctive relief pursuant to the civil rights statute, 42 U.S.C. § 1983. His petition requests, for example, that various state officials be ordered to comply with his demands, or that the state criminal proceeding be temporarily halted. Such a civil rights action is distinct and separate from a habeas petition. A civil rights complaint, like any civil complaint, must ordinarily be accompanied by a $350.00 filing fee. Mr. Smith may, however, apply to proceed in forma pauperis ("IFP"), that is, to have the fee waived on oath that he is impoverished and cannot afford to pay it. The necessary IFP application can be obtained from the Clerk of the Court.

The Court will not prejudge the matter. For Petitioner's guidance, however, I state that the circumstances under which a

federal court would enjoin an ongoing state criminal proceeding are rare. <u>See</u>, <u>e.g.</u>, <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

<u>CONCLUSION</u>

For the reasons set forth above, the Clerk of the Court will administratively terminate the Petition without prejudice.

Petitioner will be granted leave to reopen this habeas action within 45 days, by submitting an amended petition that sets forth the facts which, in petitioner's view, establish the required elements of state custody and exhaustion of state remedies.

An appropriate Order will be entered.

_/s/ Kevin McNulty_
Kevin McNulty
United States District Judge

Dated: January 15, 2013